UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 07-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM J. GALLION and | ) | **MEMORANDUM OPINION** |
| SHIRLEY A. CUNNINGHAM, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 6, 2008, the United States moved the Court *in limine* for an order prohibiting the Defendants from offering any evidence or arguments that, because their clients received more money per capita from the Boone County settlement that the claimants received in the national settlement, they cannot be guilty of fraud. [Record No. 639]

Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984). And while a party can request the court to make an *in limine* ruling on evidentiary matters, it is within the court's discretion to issue such a ruling. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). Therefore, the court can decline to rule *in limine* and wait to make a ruling

at the time the evidence is offered.[1]  Under the circumstances presented here, the Court believes

that judicial economy will be served by an *in limine* ruling on the issue presented in the United

States' motion.

### I.      ANALYSIS

Only relevant evidence is admissible.  FED. R. EVID. 402.  Evidence is relevant if it makes

a fact that is of consequence more or less probable than it would be without the evidence.  FED.

R. EVID. 401; *United States v. Lawson*, 535 F.3d 434 (6th Cir. 2008).  However, mere relevancy

does not require admission.  Relevant evidence may be inadmissible if "its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of

cumulative evidence."  FED. R. EVID. 403.

Here, the United States seeks to prohibit the Defendants and their attorneys from offering

evidence and arguing that, because their 440 clients received more money per capita from the

Boone County settlement that the claimants in the national class action settlement, they cannot

be guilty of fraud. [Record No. 639, p. 1] In support, the government points to several instances

during the prior trial when counsel for the Defendants argued to the jury that, because they had

secured greater compensation for their clients, there was no basis to conclude that they were

guilty of any fraudulent conduct. [*Id.* at pp. 2-3] They also assert that the settlements are not

---

[1] A ruling on a motion *in limine* is nothing more than a preliminary, or advisory, opinion, which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  The court is not bound by an *in limine* ruling, and can change its determination during trial where sufficient facts have developed to warrant the change.  *Id.   See also Luce*, 469 U.S. at 41–42 (noting that "*even if nothing unexpected happens at trial*, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine*  ruling") (emphasis added).

comparable because the claimants in the Boone County case were allowed to seek recovery for claims and items of damages that were not available to the claimants in the national class action.[2]

Thus, allowing such testimony and arguments would not only be irrelevant, it would be confusing to the jury.

Having considered this issue, the Court agrees with the position of the United States. Under Rule 402of the Federal Rules of Evidence, the evidence sought to be excluded by the United States in not relevant to the issues to be decided by the jury.  The fact that the Defendants' clients may have received a greater or lesser amount does not make any fact to be decided by the jury in this case any more or less probable that it would be without the subject evidence.  Further, such testimony and/or argument on this issue would be confusing and unduly time consuming under Rule 403 of the Federal Rules of Evidence.  Accordingly, the Court concludes that any evidence and/or arguments on this point would be inadmissible.

## II.     CONCLUSION

The Court being sufficiently advised, it is hereby

**ORDERED** that the United States' motion *in limine* to prohibit the Defendants from arguing that the 440 clients in this case received a greater settlement amount that the claimants in the national class action [Record No. 639] is **GRANTED**.  The Defendants shall be prohibited at trial from introducing testimony, evidence, or arguments comparing the recovery of the

---

[2]  In the Boone County case, the claimants could seek recovery of punitive damages.  Conversely, such damages could not be sought in the national class action.  Further, the national settlement excluded injuries qualified as Primary Pulmonary Hypertension which the United States asserts was the most serious and debilitating injuries caused by the drugs in issue.

claimants in the Boone County case with the recovery of the claimants in the national class action.

This 31st day of October, 2008.

Signed By:

Danny C. Reeves  DCR

United States District Judge