UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 07-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM J. GALLION and | ) | **MEMORANDUM OPINION** |
| SHIRLEY A. CUNNINGHAM, JR., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion to withdraw as counsel filed by David E. Davidson ("Davidson"), counsel for Defendant Shirley Cunningham ("Cunningham"). [Record No. 692] Davidson has "no differences or conflict" with Cunningham. Instead, his motion to withdraw is based on the entry of appearance by local counsel William Johnson ("Johnson") and Cunningham's failure to pay legal fees. [Record No. 697] Observing that he is a solo practitioner, Davidson contends that he will suffer a severe financial setback if he is forced to continue representing Cunningham. Davidson argues that this situation raises serious problems under the Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution, while also warranting permissive withdrawal under Rule 3.130 of the Supreme Court of Kentucky. The United States opposes Davidson's motion to withdraw because the entry of appearance of local counsel Johnson "poses a substantial conflict." [Record No. 702] This conflict is premised on the United States' intention to call Johnson as a witness at trial.

On December 9, 2008, Johnson was served with a subpoena to appear at trial in this case. And on December 29, 2008, Johnson filed an entry of appearance as Cunningham's attorney. The United States intends to use Johnson to introduce several documents that he authored as part of the Kentucky Bar Association's investigation of the Defendants. The United States submits that Johnson's testimony also will establish that the Defendants provided him with false information to cover up and continue their illegal activities. Additionally, Johnson served as counsel to Cunningham, William Gallion, Melbourne Mills, and Stanley Chesley in a 2005 civil lawsuit based on the same underlying Fen-Phen civil action at issue here. He eventually withdrew from the case and was replaced by other counsel. The United States plans to call Stanley Chesley and an employee of Melbourne Mills during this trial. As a result, Johnson would possess confidential attorney-client information relating to both of these witnesses for the United States.

Pursuant to Rule 57.6 of the Joint Local Rules of Criminal Practice for the Eastern and Western Districts of Kentucky, an attorney of record may withdraw from a case if he "files a motion, his or her client consents in writing, and another attorney enters his or her appearance." L.R. 57.6(a). In the present case, Davidson filed the appropriate motion, Cunningham consented, and Johnson seeks to enter his appearance. However, Johnson's entry of appearance poses a potential violation of the Kentucky Supreme Court's Rules of Professional Conduct. "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature

and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." S.C.R. 3.130.

Davidson and Johnson argue that Johnson is not a "necessary" witness because the prosecution will be able to introduce the documentary evidence without calling Johnson as a witness. However, the United States has indicated that Johnson specifically was used as a conduit for the Defendants' illegal activity. Under this theory, the Court finds that Johnson would be a necessary witness and will be precluded as acting as counsel for Defendant Cunningham in this proceeding.

As a necessary witness, Johnson is not qualified to serve as Cunningham's attorney under S.C.R. 3.130. Otherwise, Johnson would be testifying to facts and events at trial that would be adverse to his own client's interests. This is clearly a conflict that would likely wreak substantive and superficial damage to all parties. Thus, Johnson's entry of appearance on behalf of Cunningham does not relieve Davidson of his duties as counsel under Local Rule 57.6(a). Davidson argues that "consideration of the motion to withdraw as counsel is not the same as the consideration of the status of William Johnson as counsel for the Defendant." [Record No. 705] The issues may be facially distinct, but they are undeniably intertwined. Local Rule 57.6(a) only allows withdrawal when a new attorney has entered an appearance. Here, the new attorney's entry of appearance is rendered void by the undersigned's determination that Johnson's testimony would violate the Kentucky Rules of Professional Conduct.

Under Local Rule 57.6(b), the Court has wide discretion in its decision regarding attorney withdrawal. L.R. 57.6(b) (allowing withdrawal if the attorney of record "makes a showing of

good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose"). The United States has asserted a good-faith basis for calling Johnson at trial. As noted above, the subpoena was served on Johnson approximately three weeks before Johnson entered an appearance in the case. In addition, Johnson's position as author of the documents to be introduced into evidence is undeniable, and the position that the United States seeks to further necessarily includes Johnson's testimony.

Although the Court recognizes the financial hardship that Davidson may face in connection with his continued representation of Cunningham, the Court cannot allow his withdrawal without the entry of another attorney as local counsel whose appearance will not present a conflict of interest. Accordingly, it is hereby

**ORDERED** that Attorney David Davidson's motion to withdraw [Record No. 692] is **DENIED**. The Court further concludes that a substantial conflict of interest prevents attorney William Johnson from representing Defendant Shirley Cunningham in this matter. Accordingly, he will be barred from appearing on behalf of either Defendant in this action.

This 12th day of January, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge