UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 07-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM J. GALLION and | ) | **MEMORANDUM OPINION** |
| SHIRLEY A. CUNNINGHAM, JR., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for the consideration of the Defendants' joint motion for reconsideration of this Court's October 31, 2008 order excluding certain evidence at trial. [Record No. 696] For the reasons discussed below, the Court will grant the Defendants' motion to reconsider and will alter its holding to allow admission of evidence and testimony regarding the National Settlement and the matrix. However, this testimony and evidence may be offered for the limited purpose of rebutting the government's evidence that the Defendants had the specific intent to defraud their clients.

### I.    Background

On October 6, 2008, the government filed a motion *in limine* to prohibit the Defense from arguing that the Defendants' clients in the Boone County case received greater settlement amounts than the claimants in the national class action lawsuit. [Record No. 639] In support, the government noted that, during the first trial, the attorneys for the Defendants frequently

asserted that the Defendants' clients received a larger per capita settlement amount from the Boone County Settlement than they would have received had they remained in the national class action suit. The government argued that such comparisons were irrelevant, because it had no bearing on the alleged criminal actions. Thus, the government contended that allowing this evidence to be admitted in the second trial would only confuse the jury about the real issue: whether the Defendants defrauded their clients – not whether the clients benefitted from being represented by the Defendants. The Defendants failed to file a timely response to government's motion.

In the October 31, 2008 order granting the government's motion *in limine*, the Court noted that: (1) "the fact that the Defendants' clients may have received a greater or lesser amount does not make any fact to be decided by the jury in this case any more or less probable than it would be without the subject evidence;" and (2) "such testimony and/or argument on this issue would be confusing and unduly time consuming under Rule 403 of the Federal Rules of Evidence." [Record No. 664, p. 3] Accordingly, the Court prohibited the Defendants from "introducing testimony, evidence, or arguments comparing the recovery of the claimants in the Boone County case with the recovery of the claimants in the national class action." [*Id.*, pp. 3–4]

The Defendants did not initially request reconsideration. Instead, on December 31, 2008, they filed a joint response to the October 31, 2008 order.[1] [See Record No. 696, originally filed as Record No. 688.] In their response, the Defendants disputed the Court's determination that evidence regarding the national class action settlement is irrelevant. Instead, they asserted that

---

[1] At the pre-trial conference held on December 30, 2008, the undersigned directed the Clerk to docket this pleading as a Joint Motion for Reconsideration. [Record No. 695]

the facts surrounding the National Settlement are inextricably intertwined with the facts of the present matter. As a result, they contend that prohibiting the admission of this evidence would be a denial of due process. [Record No. 696, pp. 1–2] Specifically, the Defendants note that a matrix for determining claims and damages was created in the national class action, and that the Defendants used this matrix as a guide for making settlement offers to their clients in the Boone County case. The Defendants contend that introduction of evidence regarding the matrix is critical because it goes towards establishing the defense that the Defendants did not intend to defraud their clients. [*Id.*, p. 3]

The Defendants argue that if there is a complete bar on evidence related to the National Settlement, the jury would be prohibited from "understanding how these figures were ascertained and could leave the jury with the misimpression that the defendants concocted these estimates for damages and settlement offers." [*Id.*, p. 4] They also note that, as part of his intended opinion testimony, Richard L. Robbins plans to testify that "the matrix provided the defendants with an objective and independent means by which to evaluate individual claims." [*Id.*, p. 5] Without being able to give testimony about the matrix, the Defendants contend that Mr. Robbins' testimony will "ring hollow." [*Id.*]

In summary, the Defendants assert that, if the Court's October 31, 2008 opinion stands, they will not be able to present a full and complete defense, because evidence tending to show their lack of specific intent to defraud will not be admitted to the jury. Thus, the Defendants would be denied their right to due process.

In response, the government reasserts its argument that the Boone County Settlement and the National Settlement are completely separate and unrelated events between which no relevant comparison can be drawn. [Record No. 707, pp. 2–4] Specifically, the government notes several key differences between the Boone County case and the national class action, which the government argues precludes the Defendants from making any relevant comparison between the amount received by the Defendants' clients and amounts received by claimants in the national class action.[2]

Finally, in their brief, the Defendants contend that government's argument for exclusion does not consider the importance that the walk-away agreement and side letter had on the negotiated settlement. The Defendants argue that because of the walk-away agreement and side letter, the Defendants were "forced to seek an equitable resolution of each individual claim without exhausting the total settlement amount, thereby preserving additional funds for potential claims, and the matrix used in the national class settlement provided the defendants a guideline for settlement of claims." [Record No. 709, p. 2] Thus, they contend that if evidence and testimony regarding the matrix is inadmissible, the jury will not understand why the Defendants settled each claim as they did.

---

[2] The government notes the following differences: (1) The Boone County Settlement was likely based in part on how a state jury in northern Kentucky would value the case, while the National Settlement was likely based in part on how a federal jury in Pennsylvania would value the case; (2) The Boone County Settlement accounted for claimants suffering from Primary Pulmonary Hypertension ("PPH"), while the National Settlement specifically excluded claimants with PPH; and (3) The Boone County Settlement was reached with the knowledge that the claimants could seek punitive damages if the case was settled by a jury, whereas punitive damages would not have been available to federal claimants and thus was not a factor in the settlement negotiations. [Record No. 707, pp. 2–3]

**II.     Analysis**

The Supreme Court has long held that "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Gilmore v. Taylor*, 508 U.S. 333, 343 (1993) (*citing Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). Implicit in this constitutional guarantee is that a defendant has a due process right to present evidence favorable to himself on an element that must be proven to convict him. *See Clark v. Arizona*, 548 U.S. 735, 770 (2006).

The Superseding Indictment charges the Defendants with wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. To convict the Defendants of these charges, the government must prove that the Defendants had the specific intent to defraud. *See United States v. Daniel*, 329 F.3d 480, 485–87 (6th Cir. 2003). Since specific intent to defraud is an element which must be proven by the government, the Defendants have a due process right to present relevant evidence in an effort to rebut the government's proof. *Clark*, 548 U.S. at 770. However, the right to introduce relevant evidence can be curtailed if there is a good reason for doing so. *Id.*; *See* FED. R. EVID. Rule 403. The Supreme Court has repeatedly held that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Clark*, 548 U.S. at 770. (citations omitted).

In the present case, the United States contends that introduction of evidence and testimony regarding the National Settlement and matrix will lead to confusion of the issues. The Court shares this valid concern, but believes that, if properly presented, the Defendants should be allowed to present this evidence in response to the government's proof of an element of wire

fraud. Here, the central problem stems not from limited, proper use of the proposed evidence, but from improper use and comment by the Defendants' attorneys. Therefore, it would appear that the correct resolution would be to allow the proof, but closely monitor its use by counsel.

Accordingly, the Court will allow evidence regarding the National Settlement and matrix to be admitted, but only for the limited purpose of rebutting the government's evidence on the issue of specific intent and explaining the matrix created for settlement purposes. Evidence and testimony comparing the Boone County and National settlements for other purposes (such as comparing the settlements for the purpose of showing that the clients may have benefitted from opting out of the national class action in favor of being represented by the Defendants) is still irrelevant and inadmissible.

### III.     Conclusion

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

(1)     That the Defendants joint motion for reconsideration [Record No. 696] is **GRANTED**, consistent with this Memorandum Opinion and Order.

(2)     The parties are given five (5) days from the entry of this Memorandum Opinion and Order to tender a cautionary/limiting instruction to be given in connection with the testimony and evidence sought to be offered by the Defendants.

This 16th day of January, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge