UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 2: 07-39-DCR |
| V. | ) ) | |
| WILLIAM J. GALLION and SHIRLEY A. CUNNINGHAM, JR., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 17, 2009, a preliminary order of forfeiture was issued listing fifteen tracts of real property subject to forfeiture as substitute assets in satisfaction of the $30,000,000.00 money judgment awarded by the jury. [Record No. 856] The government has now filed a motion to amend the preliminary order of forfeiture to include additional personal and real property. [Record No. 872] This motion will be granted.

**I.    Analysis**

If, after the issuance of a preliminary order of forfeiture, the government demonstrates that additional property is subject to forfeiture as substitute assets, then the district court *must* (1) amend the existing preliminary order to include the additional property and (2) conduct an ancillary proceeding if a third party files a petition claiming an interest in the property. FED. R. CRIM. P. 32.2(e)(2).

The Court has already been determined that the government is entitled to the forfeiture of substitute assets to satisfy the money judgment. [Record No. 855] Thus, "any other property of the defendant" can be subject to forfeiture as a substitute asset. 21 U.S.C. § 853(p)(2). "Any other property" means exactly what it says – there is no limit on the type of property that can be listed in a forfeiture order as substitute property. *See United States v. Fleet*, 498 F.3d 1225, 1229–30 (11th Cir. 2007). Here, the government seeks to add the following financial accounts, vehicles, and real property to the property already listed as subject to forfeiture in the original preliminary forfeiture order:

**Financial Accounts**

(1)   Funds held in Account # XXXXXXXXX7650 at Wachovia in the name of William J. Gallion;

(2)   Funds held in Account # XXXXXXXXX1896 at Wachovia in the name of William J. Gallion;

(3)   Funds held in Account # XXXXXX2579 at Wachovia in the of William J. Gallion;

(4)   Funds held in Account # XXXXXXXXX8107 at Wachovia in the name of William J. Gallion and/or Melissa Green as POA;

(5)   Funds held in Account # XXXXXXX1220 at Vanguard Group in the name of WJG Investments, LLC (Florida);

(6)   Funds held in Account # XXXXXX1940 at Vanguard Group in the name of William J. Gallion;

(7)   Funds held in Account # XXXXXXX2319 at Vanguard Group in the name of William J. Gallion;

(8)   Funds held in Account # 30-XXXXXX2915 at Vanguard Group in the name of William J. Gallion and/or William J. Gallion Family Foundations, Inc.;

(9) Funds held in Account # 0584-XXXXXXX2915 at Vanguard Group in the name of William J. Gallion and/or William J. Gallion Family Foundations, Inc.;

(10) Funds held in Account # 0585-XXXXXX2915 at Vanguard Group in the name of William J. Gallion and/or William J. Gallion Family Foundations, Inc.;

(11) Funds held in Account # XXXXXX2404 at Community Trust Bank in the name of Tandy, LLC.;

(12) Funds held in Account # XXXX-5442, Simplified Employee Pension Plan SEP-IRA at Charles Schwab & Co., Inc. in the name of William J. Gallion; and

(13) Funds held in Account # XXXX-XXXX-6630 at RBC Capital Markets Corp. in the name of KYFP receivership.

**Vehicles**

(1) 1990 Red Porsche 944S convertible – VIN # WP0CB2944LN480141

(2) 2000 Yellow Porsche 911 Carrera convertible – VIN # WP0CA2997YS653545;

(3) 2001 Silver Porsche 911 Turbo – VIN # WP0AB29981S687472;

(4) 2003 BMW 7 Series 7451 – VIN # WBAGL63483DP64454;

(5) 2007 Yamaha 10.00' Fiberglass – Hull # YAMA5216J607;

(6) 2001 Mercedes Benz ML430 – VIN # 4JGAB72E91A280878;

(7) 2007 Tilt Tandem – VIN # 5KTWS17107F002082;

(8) 2001 Mercedes S500 – VIN #WDBNG75J71A153965;

(9) 2002 Dodge Durango – VIN # 1B4HS78Z32F213983;

(10) 2003 Land Rover Range Rover HSE – VIN # SALMB11443A105828; and

(11) 2004 Beeat Truck Mount Camper – VIN # 1B912HGC141277387.

**Real Property**[1]

(1)   614 East Cambridge Lane, Nicholasville, Kentucky;

(2)   602 East Cambridge Lane, Nicholasville, Kentucky; and

(3)   1332 Strawberry Lane, Lexington, Kentucky.

The government acknowledges that third-parties may have a property interest in some of the above-listed property. The government also notes that Tandy, LLC, a corporation organized by the Defendants with funds obtained from the fraudulent scheme and which owns interests in thoroughbreds, is currently in a receivership in a separate state court civil case. The government claims it is unlikely that the Tandy Community Trust Bank account would be immediately seized without making provisions for liquidating the business and for the orderly dissolution of assets.

Defendant Cunningham raises the several objections to the government's motion to amend the preliminary forfeiture order: (1) the government does not allege a "real and present danger" that funds handled by Cunningham would be dissipated; (2) Tandy is currently in a receivership so its assets will not be dissipated, and Tandy's assets will lose value if funds used to feed and manage the thoroughbreds are forfeited; and (3) the 2001 Mercedes, the 2002 Dodge Durango, and the 2003 Land Rover are owned, in whole or in part, in the names of third-parties.

In a separate response, Defendant Gallion raises the following additional objections: (1) third-parties have an interest in all accounts held by Gallion except those held solely in the name William J. Gallion; (2) the William J. Gallion Family Foundation is a corporate entity in which

---

[1]   The limited stay of forfeiture continues to apply to any real property subject to forfeiture as a substitute asset. Therefore, these three tracts of real property may not be seized while the Defendants' (anticipated) appeals are pending before the Sixth Circuit.

Gallion has no interest, so the foundation's assets are not subject to forfeiture; (3) Gallion's retirement accounts are not subject to forfeiture; and (4) forfeiture at this stage is unnecessary, because the government can just freeze the assets so that they cannot be dissipated.

Despite the Defendants' objections, the government's motion to amend the preliminary order of forfeiture will be granted in its entirety.

### A. Potential Dissipation of Funds is Irrelevant

Although the government's brief expresses fear that funds from Gallion's accounts might be dissipated if the accounts are not listed in the amended preliminary forfeiture order, there is no requirement that accounts be in danger of being dissipated before the government can seek their forfeiture as substitute assets. The fact that the government does not allege a real and present danger that Cunningham's accounts might also be dissipated is irrelevant. In addition, the fact that the government could prevent dissipation by freezing assets is also irrelevant. Section 853(p)(2) specifically states that if the government is entitled to seek forfeiture of substitute assets, the court *shall* order the forfeiture of these assets. Thus, forfeiture is required even if the government could prevent asset dissipation by other means.

### B. Third Party Interest in Property Subject to Forfeiture

The Defendants object to the forfeiture of certain property in which they claim third parties have an interest. However, the Defendants lack standing to raise these objections on behalf of third parties. *See United States v. Christunas*, 126 F.3d 765, 769 (6th Cir. 1997) (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576 (9th Cir. 1989)). In addition, a possible third-party property interest in forfeitable property does not preclude the

property from being listed in a preliminary order of forfeiture. Rule 32.2(b)(2) specifically explains that if property is subject to forfeiture, the court must promptly direct the forfeiture of this property "*without regard to any third party's interest* in all or in part of it." FED. R. CRIM. P. 32.2(b)(2) (emphasis added). A third party can file a motion for an ancillary proceeding pursuant to 21 U.S.C. § 853(n), at which time the third party's interest in the forfeitable property is assessed. FED. R. CRIM. P. 32.2(c). Therefore, the possible property interest of third parties will not be considered at this time.

### C   Forfeiture of Retirement Accounts

Gallion's claim that his retirement accounts (SEP-IRA account and Vanguard account #1940) cannot be subject to forfeiture is without merit. Gallion cites no authority in support of why retirement accounts cannot be forfeited as substitute assets, and to exclude these accounts would be contrary to the language in 21 U.S.C. § 853(p). This subsection states that when the government is entitled to seek forfeiture of substitute property, "the court *shall* order to forfeiture of *any other property* of the defendant" to satisfy the forfeiture judgment. 21 U.S.C. § 853(p)(2). "Any other property" has been interpreted as meaning that Congress did not intend to limit the type of property that could be listed in a forfeiture order as substitute property. *See Fleet*, 498 F.3d at 1229–30. In addition, the Second Circuit has held that IRAs are subject to criminal forfeiture as substitute assets. *United States v. Vondette*, 352 F.3d 772, 774–75 (2d Cir. 2003), *vacated on other grounds*. Accordingly, the retirement accounts will be included in the amended preliminary order of forfeiture.

### D.     Direct Forfeiture of Funds Held in the Tandy, LLC Account

The Defendants contend that the funds held in the name of Tandy, LLC should not be forfeited, because doing so might lead to Tandy being unable to pay for the proper care and management of its thoroughbreds. They also argue there is no need to subject these funds to forfeiture, because Tandy is already in a receivership in a separate state court civil action and its funds cannot be dissipated. However, neither reason given by the Defendants warrants excluding the Tandy account from the property subject to forfeiture.

The government contends that Tandy was organized by the Defendants with the funds they obtained from the fraudulent scheme for which they have been convicted. Thus, the fund in Tandy's account are directly forfeitable. 21 U.S.C. § 853(a)(1). Subsection (a)(1) explicitly states that property derived from criminal proceeds *shall* be forfeited. The Defendants have not cited, nor has the Court found, any authority supporting the argument that otherwise-forfeitable property is not forfeitable based on it being held in a receivership. Similarly, there does not appear to be authority stating that a court should take into account the possible devaluation of assets if funds supporting those assets are subject to forfeiture.

The language in § 853(a)(1) is not discretionary. The Defendants present no authority explaining why the funds in the Tandy account should be excluded from this mandate that property derived from criminal proceeds *shall* be forfeited simply because Tandy is currently in a receivership. Accordingly, the funds in the Tandy account will be included in the amended preliminary forfeiture order.

### E. Funds in William J. Gallion Family Foundation Accounts

Gallion argues funds in the three Vanguard Group accounts listed by the government as being in the name of William J. Gallion and/or William J. Gallion Family Foundation, Inc. are not subject to forfeiture because the Foundation is a separate corporate entity in which Gallion has no property interest. However, *Gallion's* interest in the Foundation has already been forfeited, so he does not have standing to contest its forfeiture as a substitute asset. *See Christunas*, 126 F.3d at 769. Therefore, the three accounts in the Foundation's name will be included in the amended preliminary forfeiture order. Possible third party interests will be assessed in an ancillary proceeding if one is requested by a party claiming an interest in this property.

### II. Conclusion

The Court being sufficiently advised, it is **ORDERED** that the government's motion to amend the preliminary order of forfeiture [Record No. 872] is **GRANTED**.

This 24th day of July, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge