UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | Criminal Action No. 2: 07-39-DCR |
| WILLIAM J. GALLION and ) | |
| SHIRLEY A. CUNNINGHAM, JR., ) | |
| ) | |
| Defendants ) | |
| ) | |
| and ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| JOSEPH GALLION, ) | |
| ) | |
| Movant. ) | |

*** *** *** ***

This matter is pending for consideration of Joseph Gallion's motion to vacate or stay the Order of Forfeiture previously entered on June 18, 2012. [Record No. 1340] More specifically, the movant seeks an ancillary proceeding and an order granting him occupancy of the property until his appeals are exhausted. However, the relief requested will be denied.

To satisfy a multi-million dollar money judgment against defendants William J. Gallion and Shirley Cunningham, the United States sought the forfeiture of various parcels of real property of defendants, including a house located at 614 East Cambridge Lane, in Nicholasville,

Kentucky ("the house" or "614 East Cambridge").[1] Joseph Gallion contends he is the sole owner of the house.[2] [Record No. 1343, p. 2] On July 24, 2009, the Court entered a preliminary forfeiture order on various properties, including 614 East Cambridge. [Record. No. 901] The Court entered the final order of forfeiture on the house on June 18, 2012. [Record No. 1332]

Joseph Gallion argues that he is entitled to an ancillary proceeding under Rule 32.2 of the Federal Rules of Criminal Procedure and pursuant to 21 U.S.C. § 853(n), as well as the United States Constitution. He asserts that the government failed to give reasonable and adequate notice of his right to contest the forfeiture of his property. Additionally, Joseph Gallion asks the Court to order the United States Marshals to permit him to occupy the house under the terms of the existing occupancy agreement until any appeals are exhausted in this matter.[3] For the reasons stated below, the Court will deny Joseph Gallion's motions.

**I.**

To obtain title to property through criminal forfeiture, the government must give third parties a chance to assert competing interests in the property. *United States v. Erpenbeck*, 682

---

[1] A more complete recitation of the facts is found in the Court's Memorandum Opinion and Order entered on September 10, 2010. [Record No. 1248]

[2] Also tangentially relevant to the current motion is the property at 602 East Cambridge Lane, a vacant lot next to the house, which is in the name of WJG Holdings, LLC. Joseph Gallion is "the organizer and registered agent" of WJG Holdings, LLC. The lot at 602 East Cambridge Lane was included in the same preliminary and final orders of forfeiture as 614 East Cambridge Lane.

[3] The parties have since stipulated that Joseph Gallion may occupy the residence under the terms of the current occupancy agreement until the Court enters an order terminating his occupancy of the residence. [Record No. 1356]

F.3d 472, 475 (6th Cir. 2012) (citing *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 330 (6th Cir. 2009)).  Further,

> [a]fter a district court enters a preliminary order of forfeiture, federal law requires the government to provide notice of the proceedings, giving interested parties thirty days to file a petition asserting their claims.  If anyone files a petition, the court must hold an ancillary hearing to determine the bona fides of his alleged interest.

*Id.* at 475 (internal citations omitted); *see* 21 U.S.C. 853(n).  "If no one files a petition within the statutory time frame, 'clear title' vests in the United States, extinguishing all other parties' interests in the property."  *Id.* (citing 21 U.S.C. § 853(n)(7)).

Notice of the forfeiture to third parties "may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure."  Fed. R. Crim. P. 32.2(b)(6)(D).  Notice "must be sent by means reasonably calculated to reach the potential claimant."  Fed. R. Civ. P. G(4)(b)(iii)(A).  And notice "may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."  Fed. R. Civ. P. G(4)(b)(iii)(B).  Even if the government fails to provide proper notice through such means, a potential claimant with actual notice of the forfeiture proceeding must still file a petition within the statutory time period.  *See* Fed. R. Civ. P. G(4)(b)(v) ("[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.")

## II.

Joseph Gallion contends that the government was required to send direct notice of "its intent to forfeit the home and of the opportunity to contest the forfeiture of the home" to him, and that the government failed to do so. [Record No. 1340, p. 4] However, the United States argues that it sent direct written notice to attorney Michael Dowling, who it reasonably believed to be Joseph Gallion's attorney.[4] [Record No. 1343, p. 4]

The issue before the Court is whether the government's act of sending notice of the forfeiture proceeding to attorney Michael Dowling constituted "notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). It is well-settled that notice may be sent to an attorney representing the potential claimant. Fed. R. Civ. P. G(4)(b)(iii)(B); *see also United States v. Munson*, No. 08-2065, 2012 WL 1302601, at *5 (4th Cir. April 17, 2012). Further, a potential claimant need not actually receive the notice to satisfy the due process requirement. *See Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988).

After the entry of the preliminary orders of forfeiture, "the United States began compiling a list of potential claimants to whom notice would be sent." [Record No. 1343, p. 3] The government contends that attorney Michael Dowling contacted Assistant United States Attorneys ("AUSA") Wade T. Napier and David Y. Olinger, Jr., "on multiple occasions" during this time

---

[4] Michael Dowling has represented Shirley Cunningham and William Gallion in previous matters related to this action.

and that "he specifically asked to be noticed [about the forfeiture process]."[5] [*Id.*] According to the government, "Mr. Dowling advised that he represented defendant William J. Gallion and Gallion family members in the forfeiture action. AUSA Napier "explained to Mr. Dowling that [William Gallion's] interest in the property was forfeited pursuant to the preliminary orders of forfeiture and made final at sentencing." [*Id.*] Dowling specifically referenced [Joseph Gallion], his house, and advised of his representation." [*Id.*] Based on these conversations, the government mailed the notice of forfeiture on 614 East Cambridge to Dowling. [*Id.*, p. 4]

Dowling received the standard notice of forfeiture form on March 11, 2010. [*Id.*] However, when he signed the form acknowledgment of receipt of notice on March 23, 2010, above the line reading "Relationship to Entity/Authority to Receive Service of Process," he wrote "at this time I do not represent any entity." [Record No. 1343-2] The government contends that this statement "was consistent with what he had told the [government] — that he represented [Joseph Gallion] and any other family members of the defendant who might file a claim." [Record No. 1343, p. 4] The government also contends that this statement "did not raise suspicion with [the Assistant US Attorneys] that he did not represent" Joseph Gallion, because an entity generally refers to something other than an individual. [*Id.*]

In light of all the circumstances presented, the Court finds that mailing the notice of forfeiture to attorney Dowling was reasonably calculated to reach Joseph Gallion. So long as the government "acted reasonably in selecting means likely to inform [the] persons affected, .

---

[5] The government states that "[i]t is common for attorneys of potential claimants to contact the United States Attorney's office [ ] upon entry of preliminary orders of forfeiture to inquire about the process and request service of notice." [Record No. 1343, p. 2]

. . . then it has discharged its burden." *Weigner*, 852 F.2d at 649. The government reasonably relied on Dowling's assertions, as he had previously represented Joseph Gallion's father in the criminal proceeding. Additionally, Dowling's persistence during his repeated calls to the government did tend to show that he was representing an interested third party. The government's explanation of its decision to mail notice to Dowling was reasonable, especially considering that the government mailed a separate notice of the forfeiture of 602 East Cambridge to the address listed with the Kentucky Secretary of State's Office for WJG Holdings, LLC, rather than to Dowling.[6] This bolsters the government's argument that it believed Dowling to represent Joseph Gallion as an individual, not as the entity WJG Holdings, LLC or as any other Gallion entity.

Even assuming, *arguendo*, that the government did not provide sufficient direct notice to Joseph Gallion, the Court finds that he had actual notice of the forfeiture proceedings. Joseph Gallion does not assert at any point that he lacked actual notice of the forfeiture proceedings. [*See* Record No. 1340] "A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Fed. R. Civ. P. G(4)(b)(v); *see, e.g., United States v. One Star Class Sloop Sailboat,* 458 F.3d 16, 22 (1st Cir. 2006) ("A putative claimant's actual knowledge of a forfeiture proceeding can defeat a subsequent due process challenge, even if the government botches its obligation to furnish him with notice.")

---

[6] That mail was returned as undeliverable. [Record No. 1343, p. 4]

The government provides multiple facts that show that Joseph Gallion had actual notice of the forfeiture proceeding:

> [Joseph Gallion] is the son of defendant William J. Gallion and attended portions of both criminal trials. He lived next to the vacant lot that was forfeited [at 602 Cambridge] and was the organizer and registered agent for the corporate entity that owned it. He acknowledged in a deposition in a separate civil action that defendant William J. Gallion "more or less" purchased the house. [*See* Record No. 1343-4] He clearly knows Mr. Dowling. And finally, [Joseph] contacted [AUSA Napier] on June 27, 2012 regarding the seizure of the house by the United States Marshals Service.

Record No. 1343, pp. 6-7] AUSA Napier represents that Joseph Gallion called on the date the house was seized, June 27, 2012, to express his dissatisfaction with the seizure of his house. [*Id.*, p. 7] Further,

> [d]uring the phone call, [Joseph Gallion] acknowledged that he had known all along that the house was listed in the forfeiture order. He stated he was calling from Melissa Green's residence and was aware at the time when she and other third parties filed claims.[7] He even stated that upon entry of the preliminary order of forfeiture naming the house, he consulted with an attorney regarding the forfeiture process.

[*Id.*]

This Court entered the preliminary forfeiture order related to 614 East Cambridge on July 24, 2009, more than three years before Joseph Gallion filed the current motion. [*See* Record Nos. 901, 1340] By his own statements to AUSA Napier, Gallion had "known all along" that the house was listed in the forfeiture order, and he was aware of the other third parties, like Melissa Green, who had timely filed petitions contesting the forfeiture proceedings. [Record No.

---

[7] Melissa Green was the live-in girlfriend of Defendant William Gallion at the times relevant to this action. [Record No. 1248, p. 27] On April 6, 2010, Green filed a timely claim asserting that she had an interest in property being forfeited. [*Id.*]

1343, p. 7] Joseph Gallion apparently consulted with an attorney around the time of the preliminary forfeiture order. [*Id.*] While it is unclear why he did not file a petition contesting the forfeiture until over three years later, it is clear that Joseph Gallion had actual notice, including actual knowledge, of the forfeiture proceedings on his house.[8] Therefore, the Court finds that even if the government had "botched" the direct notice requirement, Joseph Gallion's "actual knowledge of a forfeiture proceeding" defeats his subsequent due process challenge. *See One Star Class Sloop Sailboat,* 458 F.3d at 22.

Finally, Joseph Gallion's reliance on the Sixth Circuit's decision in *Erpenbeck* is misplaced. [*See* Record No. 1340, p. 4 (citing 682 F.3d at 476)] In *Erpenbeck*, the government merely published the forfeiture notice on a government website, and admitted that it made no attempt to provide direct written notice to potential claimants. *Id.* at 475. Additionally, the government attorney, when contacted by the trustee of the defendant's bankruptcy estate, "did not tell the trustee about the ongoing forfeiture proceedings." *Id.* The government argued that it did not need to provide direct written notice to potential claimants because the publication notice on a government website was sufficient notice, but the Sixth Circuit disagreed. *Id.* at 479-80. The facts of *Erpenbeck* render it inapposite to the analysis here. The government did attempt, by means reasonably calculated to reach Joseph Gallion, to provide direct written notice of the forfeiture proceedings. Additionally, unlike in *Erpenbeck*, there are facts showing actual

---

[8] Joseph Gallion did not file a petition contesting the forfeiture of the vacant lot beside the house, despite the fact that he is the sole registered agent of WJG Holdings, LLC, the entity that owns the lot. [Record No. 1345]

notice, such that Joseph Gallion should have known "the thirty-day clock was ticking" and could have "assert[ed] his interest in a timely manner." *Id.* at 475.

### III.

In summary, the government provided notice reasonably calculated to reach Joseph Gallion regarding the forfeiture proceedings relating to the property located at 614 East Cambridge Lane, Nicholasville Kentucky. Additionally, Joseph Gallion had actual notice of the forfeiture proceedings. As a result, the Court will deny Gallion's request for an ancillary proceeding and for an order granting him occupancy of his house. Accordingly, it is hereby

**ORDERED** as follows

1.  Joseph C. Gallion's Motion to Vacate and/or Stay Final Decree and Order of Forfeiture as to Real Property known as 614 East Cambridge Lane, Nicholasville Kentucky [Record No. 1340], is **DENIED**.

2.  Joseph C. Gallion's request for an Ancillary Proceeding [Record No. 1340] is **DENIED**.

3.  Insofar as Joseph C. Gallion's request for an Order Granting Occupancy of his House Until Exhaustion of Any Appeal [Record No. 1340] is a separate motion, that motion is **DENIED**.

This 7th day of September, 2012.



Signed By:
<u>Danny C. Reeves</u> DCR
United States District Judge