**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 7-39-DLB-1**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**v.**                               **MEMORANDUM ORDER**

**WILLIAM JOSEPH GALLION**                     **DEFENDANT/JUDGMENT DEBTOR**

**and PNC BANK, NA**                                                    **GARNISHEE**

* * * * * * * * * *

## I.  INTRODUCTION

This matter is before the Court on Defendant/Judgment Debtor William Joseph Gallion's Claim for Exemption and Request for a Hearing (Doc. # 1519).  The United States filed a Response (Doc. # 1520), and Gallion having filed an untimely Reply (Doc. # 1526), the matter is ripe for the Court's review.  For the following reasons, Gallion's Claim for Exemption and Request for Hearing is **denied**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2009, a jury found Gallion guilty of one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1349, and eight counts of Aiding and Abetting Wire Fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.  (Doc. # 820).  On August 18, 2009, Judge Danny C. Reeves sentenced Gallion to a term of imprisonment of 300 months.  (Doc. # 955).  The Court additionally ordered restitution to be paid, jointly and severally with Gallion's co-Defendant Shirley Cunningham, in the amount of $127,671,314.63.  (Doc. # 971).

1

In pursuance of the collection efforts, this Court issued a Writ of Continuing Garnishment (Doc. # 992-7), which the United States served upon PNC Bank (Doc. # 1063).  On October 3, 2009, after PNC Bank had filed its Answer (Doc. # 1063) this Court issued a Garnishment Disposition Order against Gallion, directing PNC Bank to deliver funds held by Gallion to the Court.  (Doc. # 1105).

On December 13, 2024, Gallion was a recipient of an Executive Grant of Clemency by former President Joe Biden, and his sentence expired on December 22, 2024.  (Doc. # 1488).  On February 12, 2025, this Court issued an Order notifying Gallion that fifteen percent of his Social Security benefits may be offset to satisfy his restitution debt.  (Doc. # 1497).  On May 20, 2026, this Court issued a Writ of Continuing Garnishment to PNC Bank, NA.  (Doc. # 1516).  On June 8, 2026, PNC Bank, NA ("the Garnishee") filed an Answer to the Writ of Garnishment, indicating that it is holding the property of Gallion in the form of deposit accounts with a combined total value of $18,680.29.  (Doc. # 1517 at 3).

On June 29, 2026, Gallion filed an Exemption Form and Request for Hearing ("Objections") in response to the Garnishee's Answer (Doc. # 1519).  Gallion asserts that his deposit accounts at PNC Bank are exempt as "certain annuity and pension payments" and "minimum exemptions for wages, salary and other income."  (Doc. # 1519 at 2).  On July 1, 2026, the United States filed a Response (Doc. # 1520).  Gallion then filed an untimely Reply (Doc. # 1526).  Based off the arguments contained in Gallion's Reply, on July 29, 2026, the Court ordered the United States to file a sur-reply to Gallion's arguments within ten (10) days.  (Doc. # 1528).  In accordance with this Court's Order,

the United States filed its Sur-Reply on August 5, 2026 (Doc. # 1529).  Therefore, the matter is now ripe for review.

## III.    ANALYSIS

The Mandatory Victim Restitution Act ("MRVA") makes restitution mandatory for certain crimes including "any offense committed by fraud or deceit[.]"  18 U.S.C. § 3663A(c)(a)(A)(ii).  Pursuant to 18 U.S.C. § 3613(a) the United States may enforce a judgment imposing a fine, restitution, or assessment.  To do so, the Government may rely on the Federal Debt Collection Procedures Act ("FDCPA"), which includes the use of a writ of garnishment "against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, or other to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a).  When a court issues a writ of garnishment, the defendant/judgment debtor is entitled to challenge the writ to the extent there are "'exemptions to which [the judgment debtor] might be entitled[.]'"  *United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich. Sept. 13, 2011) (quoting *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003)); *see also United States v. Nash*, 175 F. 3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. 1363(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. 6334.").

Here, Gallion asserts that the deposit accounts held by the Garnishee are exempt for two different reasons: (1) his Social Security retirement benefits are exempt as certain annuity and pension payments; and (2) his Social Security benefits are exempt under the

3

minimum exemptions for wages, salary, and other income.  (Doc. # 1519 at 2).  Gallion additionally seeks a hearing on these Objections.  (*Id*.).

### A.    Claims for Exemption

### 1.  *Certain Annuity and Pension Payments*

On the exemption form, Gallion first checked the exemption for "[c]ertain annuity and pension payments."  (*Id*.).  Underneath, Gallion writes that his Social Security benefits, which he receives only after the Bureau of Fiscal Service withholds fifteen percent (*See* Doc. # 1497), total $3000 a month.  (*Id*.).  In its Response, the United States argues that pursuant to 18 U.S.C. § 3613(a), "Social Security benefits are not exempt from collection for federal criminal restitution."  (Doc. # 1520 at 2).

Pursuant to 26 U.S.C. § 6334(a)(6), "[a]nnuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll . . .  and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code" are exempt from restitution collection efforts.  Gallion does not allege that he is a recipient of any such payments listed above.  Thus, the Court could deny his Objection on that ground alone.  However, it is clear to the Court that Gallion is simply arguing that his "Social Security Retirement Benefits" should be exempt from restitution collection efforts.  (Doc. # 1519 at 2).  Therefore, for the sake of thoroughness, the Court will consider this argument on the merits.

As a preliminary matter, the Court acknowledges that there is no Sixth Circuit precedent on whether the MVRA applies to Social Security benefits.  However, district

4

courts within the Sixth Circuit, as well as other circuits, have concluded that "the MVRA expressly allows garnishment of social security benefits." *United States v. Haq*, No. 24-mc-50208, 2024 WL 4231579, at *3 (E.D. Mich. Sept. 18, 2024). Indeed, the MVRA expressly identified the Social Security Act by stating that "[n]otwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). The use of the term "notwithstanding" has been defined by the Sixth Circuit as "despite" or "in spite of." *Berry v. Experian Info. Sols. Inc.*, 115 F. 4th 528, 535 (6th Cir. 2024); *see also Cisneros v. Apline Ridge Grp.*, 508 U.S. 10, 18 (1993) ("As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.").

Therefore, "[t]he text of Section 3613(a) makes clear that, in the event of a conflict where the SSA's anti-alienation provision would otherwise protect a defendant's Social Security benefits from collection, Section 3613(a) empowers the government to garnish those benefits under the MVRA." *Haq*, 2024 WL 4231579, at *3. Accordingly, Gallion's Social Security benefits are not exempt from restitution collection.

Gallion, however, acknowledges this argument. (Doc. # 1526 at 2). In his Reply, Gallion states that despite the fact that § 3613(a) may "permit enforcement of criminal restitution . . . an additional garnishment of accumulated Social Security-derived funds would subject the Defendant's sole income source to collection beyond the existing offset and would leave him without funds on which to live." (*Id.*). Accordingly, he asks the Court to "deny, limit, condition, regulate, or modify the garnishment so as not to deprive him of

funds" pursuant to 28 U.S.C. § 3013.  (*Id.*).  Specifically, he asks the Court to either (1) not expand the collection past the fifteen percent administrative offset already in place under 31 U.S.C. § 3716; or (2) treat the funds as disposable earnings and limiting the garnishment to no more than twenty-five percent of disposable earnings under 28 U.S.C. §§ 3002(9) and 3205.  (*Id.* at 3).  Accordingly, the Court construes Gallion's Objections as a Motion to Modify pursuant to 28 U.S.C. § 3013.

28 U.S.C. § 3013 states, in pertinent part, that "[t]he court may at any time on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure[.]" A court in this district previously concluded that, pursuant to § 3013, "distress can be a cognizable ground for relief—given it is properly proven."  *United States v. Buckhalter*, No. 5:19-205-KKC, 2023 WL 3994353, at *2 (E.D. Ky. June 14, 2023); *see also United States v. Freeman*, No. 3:99-cr-143-CRS, 2024 WL 4338672, at *2 (W.D. Ky. Sept. 27, 2024) ("[T]he discretion afforded by § 3013 permits the court to consider financial hardship to the defendant and limit the government's enforcement remedies accordingly.").  In proving a distress claim, "[c]ourts generally apply a reasonableness standard and 'look to the circumstances of the individual.'"  *Id.* (quoting *United States v. Dover*, No. 4:02-50001, 2016 WL 806708, at *4 (E.D. Mich. Mar. 2, 2016)).

Gallion's Motion is not properly proven.  Indeed, while Gallion states that an additional garnishment would "leave him without funds on which to live[,]" he has submitted no additional support or evidence at all.  *Id.*; *see also id.* (denying a motion to modify under § 3013 because the "motion [was] unsupported."); *United States v. Quizon*, No. 18-cv-51277, 2019 WL 13199702, at *2 (E.D. Mich. Apr. 8, 2019) (denying a § 3013

6

motion because "Defendant [had] not presented sufficient evidence which necessitates [the] Court to alter the Government's Writ of Garnishment.").

Accordingly, because Gallion has not provided a valid claim of exemption, nor has he provided sufficient evidence for a modification under § 3013, the Court finds that it would not be appropriate to limit or modify the writ of garnishment sought by the Government.  *See United States v. Williams*, No. 2025 WL 327605, at *4 (E.D. Va. Nov. 4, 2025) ("[T]he Court does not find it reasonable or appropriate under 28 U.S.C. § 3013 to limit or modify the Government's ability to utilize the garnishment enforcement mechanism by requiring it to negotiate another payment plan with Defendant); *United States v. Turner*, No. 5:01-cr-30062, 2022 WL 2825824, at *2 (W.D. Va. July 20, 2022) (denying Defendant's proposed payment plan by the defendant after the defendant "declined to submit any financial information that would help the Court exercise [] discretion in his case, despite asserting that having his wages garnished would cause him financial hardship.").

### 2.  *Minimum Exemption for Wages, Salary, and Other Income*

Gallion next checked the exemption for "wages, salary and other income."  (Doc. # 1519 at 2).  Underneath, Gallion states that the "assets subject to the ex parte garnishment were derived from retained social security benefits."  (*Id*.).  As this Court just concluded, Social Security benefits are not exempt from restitution collection—regardless of how Gallion attempts to classify them.

Moreover, Gallion's asserted exception for "wages, salary and other income" falls under 26 U.S.C. § 6334(a)(9), which does not apply in criminal cases.  *See* 8 U.S.C. § 3613(a)(1) ("[A] judgment imposing a fine may be enforced against all property or rights

7

to property of the person fined, except that—(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law"); *see also United States v. Callicutt*, No. 19-cv-2591, 2019 WL 11583432, at *2 (W.D. Tenn. Oct. 28, 2019) ("Section 3613(a)(1) explicitly carves out section 6334(a)(9), the subsection which provides an exemption for the protection of wages."); *United States v. Frustaci*, No. 5:10-cr-268, 2024 WL 4426068, at *2 (N.D. Ohio Sept. 27, 2024) ("[The defendant's] asserted exemption [of wages, salary, and other income] does not apply to this action."); *United States v. Dela Cruz*, No. 17-mc-50236, 2017 WL 2060181, at *2 (E.D. Mich. May 11, 2017) (concluding that 26 U.S.C. § 6334(a)(9) "does not qualify [the defendant] for an exemption from collection of restitution."). The Court reiterates that Gallion's Social Security benefits are not exempt from restitution collection efforts; moreover, his attempt to classify them as wages, salary, and other income is futile given that this exemption is not applicable in a criminal case. Accordingly, Gallion has not carried his burden in showing that his Social Security benefits are exempt from garnishment, and as such, the garnishment stands.

## B.    Request for a hearing

Gallion additionally requests a hearing before the Court. (Doc. # 1519 at 2). Pursuant to 28 U.S.C. § 3205(c)(5), when a judgment debtor requests a hearing, the "court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties." *See also* 28 U.S.C. § 3202 (requiring a hearing request by a judgment debtor to be held in 5 days or soon thereafter). However, "courts have denied a hearing where the

8

debtor did not object based on one of the issues specified in 28 U.S.C. 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d. 789, 797 (W.D. Mich. Nov. 6, 2008); *see also United States v. Strange*, No. 0:97-cr-6-DLB-1, 2020 WL 8771651, at *1 (E.D. Ky. Sept. 29, 2020) (denying the defendant's request for a hearing on the United States's Writ of Garnishment), *report and recommendation adopted*, 2021 WL 867849 (E.D. Ky. Mar. 8, 2021); *United States v. Frustaci*, No. 5:10-cr-00268-JRA, 2024 WL 4426068, at *2 (N.D. Oh. Sept. 27, 2024) (concluding that the defendant's "only asserted exemption does not apply, a hearing is unnecessary and his objection to the Writ of Garnishment fails."); *United States v. Jones*, No. 24-mc-51275, 2025 WL 2452379, at *2 (E.D. Mich. Aug. 26, 2025) (denying the defendant's request for a hearing because he had "not offered any viable exemptions to justify a hearing.").

As discussed above, both of Gallion's Objections were overruled because they were either plainly without merit or simply a matter of statutory interpretation. Accordingly, because Gallion's Objections are not viable, a hearing on the matter is unnecessary.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, Defendant Gallion's Claim for Exemption and Request for a Hearing (Doc. # 1519) is **DENIED**;

This 7th day of August, 2026.



Signed By:

*David L. Bunning*

Chief United States District Judge